# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

Robert M. Levine,

        Petitioner,

-vs-

Michael Pettiford, Warden,

        Respondent.

Civil Action No. 9:06-1265-SB

**ORDER**



## INTRODUCTION

This matter is before the Court on the pro se Petitioner's request for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, alleging that a motion under 28 U.S.C. § 2255 is inadequate and ineffective to challenge the legality of his sentence. By local rule, the action was referred to United States Magistrate Judge George C. Kosko for initial review.

On May 23, 2006, the Magistrate Judge issued a report analyzing the issues and recommending that the Court dismiss the § 2241 petition without prejudice and without requiring the Respondent to file a return. Specifically, the Magistrate Judge noted that the § 2241 petition was improper because the Petitioner had not exhausted all of his possible administrative remedies. Furthermore, the Magistrate Judge discussed the Petitioner's failure to establish, or even allege, that he had in fact exhausted his administrative remedies.

## DISCUSSION

In 1993, the Petitioner was convicted on four counts of using interstate commerce to effect murder-for-hire, as well as one count of conspiracy. He was

sentenced to three concurrent life terms and sixty days in prison, also to run concurrently. In 1998, the Petitioner filed a motion to vacate under § 2255. The United States District Court for the Northern District of Indiana denied this motion and the ruling was affirmed by the Seventh Circuit Court of Appeals in 2000. Specifically, the Petitioner's § 2255 motion was denied on the merits because he could not show the ineffectiveness of any of his many representative counsel.

The Petitioner's subsequent complaint, filed April 21, 2006, purports that he is innocent of the "death resulting from" the crime he committed and that he was improperly sentenced. The Petitioner goes on to postulate that he has served over 15 years of a sentence for which there is only a statutory maximum of 10 years. Because of these circumstances, the Petitioner requests that the Court issue a Writ of Habeas Corpus.



In his objection to the Magistrate Judge's report and recommendation, the Petitioner raises several issues. For example, he objects to the precedential value of some of the cases cited by the Magistrate Judge because they are from other judicial circuits. He also objects to the reasoning in the report and recommendation because of supposed misapplication, or refusal to consider, what he considers to be applicable case law. The Petitioner, throughout his objection, also contends that § 2255 was "inadequate and ineffective" and that the Magistrate Judge was in error by denying him the ability to challenge the legality of his sentence under § 2241.

The Petitioner's objections, being filed pro se, "should not be dismissed for failure to state a claim unless it appears beyond doubt that the [petitioner] can prove no set of facts in support of his claim which would entitle him to relief." Conley v.

Gibson, 355 U.S. 41, 45-46 (1957); see Venkatraman v. REI Sys., 417 F.3d 418, 420 (4th Cir. 2005); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). In addition, the Petitioner's pleadings are given a liberal construction because he will not be held to the same standards as an attorney. Castro v. United States, 540 U.S. 375, 381-82 (2003); Hughes v. Rowe, 449 U.S. 5, 9-10 (1980); De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003).

Here, the Petitioner claims that 28 U.S.C. § 2255 is an "inadequate and ineffective" method of relief because it has not allowed him to test the legality of a sentence for a crime of which he claims to be innocent. The Fourth Circuit has made clear that § 2241 may be used to challenge the validity of a conviction or sentence only when "§ 2255 proves inadequate or ineffective to test the legality of detention." In re Jones, 226 F.3d 328, 332-33 (4th Cir. 2000) (internal citations omitted). However, "[i]t is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." Id.; see also In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). The Fourth Circuit has a rigid standard for proving the inadequacy of § 2255:

> [W]e conclude that § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.



Jones, 226 F.3d 328 at 333-34. Here, the Petitioner has not satisfied any of the three requirements set forth by the Fourth Circuit.

In the case at hand, the only reason the Petitioner gives for seeking relief under § 2241 is that his § 2255 motion was denied.[1] The Petitioner has confused the judicial language "inadequate or ineffective" with "failure of relief to be granted." As noted previously, just because the Petitioner's § 2255 motion failed in one instance does not mean that this section is "inadequate or ineffective," or that a fair result was not reached. See Jones, 226 F.3d at 332-33. Absent appropriate circumstances, the Court may not consider a § 2241 petition in this case.

In any event, assuming that a § 2241 claim could be made, the Petitioner must exhaust all of his available administrative remedies before bringing such a claim.[2] Here, the Petitioner has not demonstrated that he has filed an appropriate grievance, complaint or other action before the Bureau of Prisons and been denied relief at all levels. Until he so demonstrates, this Court may not consider his petition.

## CONCLUSION

Based on the foregoing, it is

ORDERED that the Petitioner's objections to the Magistrate Judge's report and recommendation are overruled; and this action is dismissed without prejudice and without requiring the Respondent to file a return.



---

[1] The Petitioner's claims of innocence as to the "death resulting from" his conduct and the illegality of the resulting sentence were both rejected by the Seventh Circuit. Levine v. United States, 221 F.3d 941(7th Cir. 2000).

[2] Exhaustion of administrative remedies is required "because it serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency." McCarthy v. Madigan, 503 U.S. 140, 145 (1992).

4

**IT IS SO ORDERED.**

_____
Sol Blatt, Jr.
Senior United States District Judge

July **28**, 2006
Charleston, S.C.

#5